56 F.3d 67
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Andrew B. HAYNES, Plaintiff-Appellant,
v.
SUPREME COURT OF WISCONSIN, et al., Defendants-Appellees.
 No. 94-3164.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 13, 1995.*
Decided May 23, 1995.
 
 Before WOOD, Jr., CUDAHY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Andrew Haynes and Linda Leaf were co-plaintiffs in a suit charging many persons in Wisconsin with numerous illegal acts. Leaf lost outright; we concluded (contrary to the district court) that Haynes had standing to pursue some of his claims and remanded for further proceedings on the merits. Leaf v. Supreme Court of Wisconsin, 979 F.2d 589, 601-02 (7th Cir. 1992). On remand the defendants moved for summary judgment. The district court awarded victory to the defendants for three reasons:
 
 
 2
 1. Failure to prosecute. Haynes not only neglected to respond to the defendants' motions for summary judgment but also ignored the deadline for filing a final pretrial report and proposed jury instructions.
 
 
 3
 2. Failure to comply with an order directing him to explain the extent to which Charles Ollivier, Leaf's husband, was acting as his attorney. Haynes claimed to be proceeding pro se, and the court, suspecting dissembling, warned Haynes that failure to supply the information as directed would lead to dismissal. Haynes did not respond.
 
 
 4
 3. The merits. Because Haynes did not reply to the motions for summary judgment, all that he had were the allegations of his complaint, which under Fed. R. Civ. P. 56(e) do not count. Haynes had not offered even a scintilla of evidence, the district judge wrote.
 
 
 5
 On this appeal, represented by Ollivier, Haynes trips lightly past reasons 1 and 2. We think them sound, and impervious to the cursory discussion in Haynes's papers. With respect to reason 3, Haynes contends that he lacked adequate discovery. This does not, however, justify failure to respond to the motions or to file an affidavit under Fed. R. Civ. P. 56(f) explaining what additional discovery was essential. The opinions of the district court therefore adequately support its decision.
 
 
 6
 One contention in Haynes's brief calls for additional comment. He believes that the district judge was predisposed against him and should have recused himself. Yet he does not contend that the judge had any extrajudicial source of prejudice, and Liteky v. United States, 114 S. Ct. 1147 (1994), leaves him correspondingly little room for maneuver. The events to which Haynes points show nothing more than that the district judge thinks poorly of unsupported accusations and game-playing. For example, the judge wrote a prison warden that he need not permit Leaf and Ollivier to accompany Haynes to a deposition. Leaf was no longer entitled to practice law, and Haynes was then denying that Ollivier is his lawyer; as a result, neither person was entitled to accompany him. How this shows prejudice escapes us. The references to sanctions did no more than inform Haynes of his risks under Fed. R. Civ. P. 11, as we ourselves did. 979 F.2d at 802. Indeed, given the utter lack of support for Haynes's serious accusations, we are mildly surprised that the appellees have not requested sanctions under Fed. R. App. P. 38.
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a), Circuit Rule 34(f). Appellant filed such a statement. After considering that statement and the briefs, the court believes that additional argument is not needed (this same panel heard oral argument on an earlier appeal; see Operating Procedure 6(b))